IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**MICHAEL LEE STROPE,**
**also known as**
**GORDON STROPE,**

                **Plaintiff,**

       v.                                  CASE NO. 09-3211-SAC

**DOUG BARR, et al.,**

                **Defendants.**


**MEMORANDUM AND ORDER**


This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. It comes before the court on a motion for summary judgment (Doc. 93) filed by defendants Doug Barr, Steve Schneider, K. Coffey, J.D. Byard, Annette Russett, Jerry MacDonald, Sam Cline, and Robert Kelly ("defendants").

Plaintiff filed a response in opposition (Doc. 105), and defendants filed a reply (Doc. 106). This matter is ripe for review, and the court enters the following findings and order.

**Background**

Plaintiff is a prisoner in the custody of the Kansas Department of Corrections. He commenced this action in 2009, alleging that his rights secured by the First, Eighth, and Fourteenth Amendments were violated during August and September 2007 while he was incarcerated in the Hutchinson Correctional Facility.

*Counts 1-3.*

On August 22, 2007, defendant Barr, a Corrections Counselor II, called plaintiff to his office to return a grievance. The matter was

returned unanswered due to plaintiff's failure to seek informal resolution before commencing the grievance procedures, as required by K.A.R. 44-15-101.

The parties disagree on what ensued. Defendants contend that plaintiff called defendant Barr an "idiot" and stated he was going to sue him. Plaintiff denies calling Barr a name but states that after Barr "threatened" him with disciplinary action, he told Barr he would sue him.

Plaintiff left Barr's office and attempted to file a new grievance by giving it to another officer. That grievance was returned to him on August 28, 2007, with a memorandum from defendant Schneider, a Public Information Officer, again explaining that he must pursue informal resolution before filing a grievance.

On August 23, 2007, Barr prepared a narrative report and a disciplinary report against plaintiff.

A disciplinary hearing was conducted on September 4, 2007. Defendant MacDonald, a Disciplinary Hearing Officer, found plaintiff guilty of insubordination. Plaintiff did not seek witnesses but submitted a motion to dismiss.

Plaintiff was sentenced to a 30-day restriction from privileges and the withholding of good-time credits. Due to the restriction imposed, he was transferred from a medium-security dormitory to a maximum security area for 30 days.

Plaintiff unsuccessfully pursued an administrative appeal from the disciplinary filing.

*Count 4.*

On September 21, 2007, defendant Russett, a Senior Administrative Assistant to defendant Schneider, issued a

disciplinary report to plaintiff for addressing her by only her first name on a grievance. This form of address contravened policy requiring use of last name.

The disciplinary report was withdrawn after it was discovered that a corrections officer had instructed plaintiff to address the request in that way. Plaintiff was not sanctioned for the conduct. *Counts 5, 6, 8, and 9*.

On September 22, 2007, during plaintiff's placement in IMU, defendant Coffey, a Corrections Officer, seized an issue of *Stuff* magazine from plaintiff. At the time, policy prohibited inmates in the IMU from receiving magazines. Magazines intended for inmates in the IMU were to be held by their Unit Teams until the inmates were allowed to receive them. Defendant Coffey delivered the magazine to plaintiff's Unit Team, as required by policy. The issue in question was not delivered to plaintiff and has not been found.

On October 4, 2007, plaintiff was scheduled for transfer to the El Dorado Correctional Facility. Officers Coffey and Byard conducted a routine inventory of his property prior to the transfer, and discovered a red cooler with plaintiff's inmate number burned into the shell, four photos that violated the prohibition on possession of sexually explicit material, and a group of photocopied magazine clippings, which were not allowed in the segregation unit. The cooler was deemed suspicious because the markings suggested that the property might have been obtained in an unauthorized exchange.

Plaintiff was issued a disciplinary report as a result of these discoveries, and the cooler and photos were held as evidence pending the disciplinary hearing.

The hearing was conducted on October 15, 2007. Plaintiff

submitted documentary evidence and a motion to dismiss. He was found guilty of possession of sexually explicit material in violation of K.A.R. 44-12-313, but not guilty of unauthorized trading because his purchase of a cooler was established. The cooler, however, was not located and is presumed destroyed.

Plaintiff was sanctioned with a 15-day restriction from privileges and fined $5.00.

In December 2007, plaintiff filed a property claim seeking a new cooler or replacement costs. In April 2008, he acknowledged receipt of a new cooler.

*Grievances*

Defendant Barr, the Department of Corrections' custodian of inmate grievance appeal records, conducted a review of plaintiff's appeals to the Secretary of Corrections, between August 1, 2007, and December 31, 2007. He determined that plaintiff failed to exhaust any claim against defendants Russett, Byard, Kelly, or Coffey during that time.

The review determined that plaintiff properly presented a grievance appeal, #BA00014812, concerning defendants Barr, MacDonald, and Schneider.

*Pro se status*

As noted, plaintiff is proceeding without counsel. Accordingly, his pleadings, including those related to the present motion for summary judgment, must be given a liberal construction. *See Hall v. Bellmon*, 935 F.2d 1106, 1110, & n. 3 (10th Cir. 1991); *Hill v. Corrections Corp. of America*, 14 F.Supp.2d 1235, 1237 (D. Kan. 1998). Under this standard, the court must excuse a failure to cite proper legal authorities, confusion of legal theories, and poor grammatical

composition. *Hall*, 935 F.2d at 1110. However, plaintiff's pro se status does not relieve him from an obligation to follow the rules of procedure, including the Federal Rules of Civil Procedure. *See Kay v. Bernis*, 500 F.3d 1214, 1218 (10th Cir. 2007) and *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)(internal punctuation and citations omitted)("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.")

Likewise, while the court will make allowances in reviewing plaintiff's pleadings, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). A pro se party may not rest upon conclusory factual allegations because "a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injuries". *Hill v. Corrections Corp. of America*, 14 F.Supp.2d 1235, 1237 (D.Kan. 1998). Accordingly, the court must dismiss claims that are not supported by well-pleaded allegations of fact.

*Summary judgment standard*

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In evaluating a motion for summary judgment, the court views the evidence in the light most favorable to the opposing party. *McKenzie v. Mercy Hospital*, 854 F.2d 365, 367 (10th Cir. 1988).

Pursuant to Rule 56(a), a court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.Pro. 56(a). The moving party bears "both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law." *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2003).

In response, the opposing party may not simply rest on its pleadings but must present specific facts showing there is a genuine issue for trial and significant supporting evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A genuine issue exists if "there is sufficient evidence on each side so that a rational trier or fact could resolve the issue either way." *Thorn v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003).

The summary judgment rule is not a "disfavored procedural shortcut" but instead, a procedure "designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)(quoting Fed.R.Civ.P. 1).

*Retaliatory filing of discipline report (Ct. 1)*

Plaintiff alleges defendant Barr violated his protected rights by pursuing a disciplinary action against him as retaliation for the grievance plaintiff filed against Barr.

"Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts. It is well established that officials may not unreasonably hamper inmates in gaining access to the courts." *Smith v. Maschner*, 899 F.2d 940, 948 (10th Cir. 1990).

To state a claim of retaliation, plaintiff must present "specific facts showing retaliation because of the exercise of the prisoner's

constitutional rights." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). "Mere allegations of constitutional retaliation will not suffice; [plaintiffs] must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *See Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990).

To establish his retaliation claim, plaintiff must show that "(1) he was engaged in constitutionally protected activity, (2) the government's actions caused him injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the government's actions were substantially motivated as a response to his constitutionally protected conduct." *Nielander v. Bd. Of County Com'rs of County of Republic, Kan.*, 582 F.3d 1155, 1165 (10th Cir. 2009).

Generally, a prisoner's pursuit of administrative remedies is protected. *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010). However, "an inmate is not inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he has engaged in protected activity." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998).

Here, the disciplinary report prepared by defendant Barr is based upon the allegation that plaintiff was insubordinate and used abusive language. The presentation of a disciplinary report is clearly among the ordinary events of confinement. Moreover, it is clear that plaintiff was not properly pursuing the remedy process when he filed the grievance against Barr, as he failed to pursue informal resolution before commencing the written grievance as required by the grievance procedure. K.A.R. 44-15-101(b). It is apparent that plaintiff was on notice of that requirement, as the altercation with defendant Barr

commenced when Barr returned an improperly filed grievance to plaintiff due to plaintiff's failure to attempt informal resolution.

These facts do not persuade the court that plaintiff presents a genuine issue concerning the motivation for the issuance of the disciplinary report against him. Likewise, the court has found no authority that suggests a prisoner is entitled to claim a protected status when he deliberately attempts to avoid the ordinary procedure for filing an administrative grievance.

Next, it does not appear that the disciplinary report filed by defendant Barr was sufficient to chill plaintiff's pursuit of administrative grievances. A review of the *Martinez* report shows that plaintiff continued to file grievances following the August 22, 2007, confrontation with defendant Barr, with at least six filings in September 2007, two in October 2007, one in November 2007, and two in December 2007. (Doc. 43, *Martinez* report, Exs. 14-18.)

Third, the court notes there is some authority that where, as here, a prisoner asserts retaliation occurred in the filing of a disciplinary complaint, no claim for relief is stated so long as the report is supported by some evidence and the prisoner receives adequate due process in the disciplinary action. *See, e.g., O'Bryant v. Finch*, 637 F.3d 1207, 1215 (11th Cir. 2011)("[A] prisoner cannot maintain a retaliation claim when he is convicted of the actual behavioral violation underlying the alleged retaliatory false disciplinary report and there is evidence to sustain the conviction.")(citations omitted); *Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008)("claims of retaliation fail if the alleged retaliatory conduct violations were issued for the actual violation of a prison rule."); *Freeman v. Rideout*, 808 F.2d 949, 952 (2d Cir.

1986)("[a]lthough prisoners are entitled to be free from arbitrary action and conduct of prison officials, the protections against arbitrary action are the procedural due process requirements as set forth in *Wolff v. McDonnell*")(citations omitted). And, as discussed more fully below, the record shows prison authorities conducted a constitutionally adequate administrative hearing on the disciplinary report.

Having considered the record, the court concludes plaintiff has not met the three-prong test set out in *Nielander*; thus, defendants are entitled to summary judgment on plaintiff's claim of retaliatory and threatening conduct in the issuance of the disciplinary report.

*Denial of due process in Disciplinary Hearing 07-08-178-E (Ct. 2)*

Plaintiff alleges that defendant MacDonald violated his right to due process in the administrative disciplinary hearing by denying his right to call witnesses and submit evidence.

The disciplinary record reflects that the disciplinary report charging plaintiff with insubordination or disrespect was prepared on August 23, 2007, that plaintiff acknowledged receipt of the report on August 27, 2007. The hearing was conducted on September 4, 2007. At the hearing, the notarized testimony of the reporting officer was read into the record, and plaintiff was sworn in and submitted a written statement seeking dismissal. Plaintiff did not request witnesses. At the close of the hearing, defendant MacDonald found plaintiff guilty. Plaintiff received a copy of the disposition on September 14, 2007, and he unsuccessfully pursued an administrative appeal. (Doc. 43, Ex. 31, pp. 1-14.)

A prisoner charged with a disciplinary violation is entitled to due process when the disciplinary action may end in punishment that

implicates a protected liberty interest. Such protected interests are limited to those restraints that extend the period of incarceration or create an atypical and significant hardship on the prisoner in the context of the ordinary incidents of incarceration. *Sandin v. Conner*, 515 U.S. 472, 486 (1995). The record shows that plaintiff did not lose any good conduct time due to the disciplinary finding of guilt, and the sanctions imposed therefore do not implicate a liberty interest protected by the Due Process Clause. *See Estate of DiMarco v. Wyo. Dep't Corr.*, 473 F.3d 1334, 1343 (10th Cir. 2007)(prisoner's 14-month placement in administrative segregation did not implicate a liberty interest under *Sandin*).

Under the *Sandin* analysis, plaintiff's allegations do not state a due process violation, and defendants are entitled to summary judgment on this claim.

*Conspiracy to retaliate (Count 3)*

Plaintiff claims that defendants Barr, MacDonald, and Schneider conspired to retaliate against him for filing a grievance against defendant Barr. As previously discussed, defendant Barr issued a disciplinary report against plaintiff, and defendant MacDonald conducted the resulting administrative disciplinary hearing. Defendant Schneider was not involved in the disciplinary matters but responded to grievances submitted by plaintiff.

In order to state a claim for conspiracy, "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants." *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998). A plaintiff may not proceed under "mere conclusory allegations with no supporting factual averments… the pleadings must specifically present facts tending to show agreement and concerted

action." *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983).

Plaintiff has not met this threshold. He fails to identify any concerted action, nor, as defendants argue, does he show that he suffered any constitutional deprivation by the actions of these defendants. Accordingly, defendants are entitled to summary judgment on this claim.

*Failure to investigate (Ct. 4)*

Plaintiff claims defendant Schneider violated his rights by failing to investigate his grievances and failing to adequately train and supervise staff. He cites repeated servings of spoiled food to those prisoners receiving a religious diet and unlawful conditions of confinement.

Plaintiff's claims appear to arise from his confinement in the restriction unit following his disciplinary conviction. The materials suggest that plaintiff missed two meals during his transfer between units, that his cell had chipped paint, and that he was dissatisfied with the quality of the food served on the common fare diet and the noise level in the restriction unit. A September 17, 2007, response from a corrections officer came on the same day as the plaintiff's grievance, and reflects the officer reviewed plaintiff's cell, and found that plaintiff had reasonably clean conditions, and had access to running water and his allowable property and legal work. The officer noted that of nearly 200 inmates fed in the unit each day, only three inmates, including plaintiff, complained of the food served. The officer concluded there was no evidence to support plaintiff's claims concerning his conditions of confinement, and plaintiff's subsequent appeals were unsuccessful. (Doc. 1, Attach., pp. 14-19.)

The court finds no basis to impose liability on defendant Schneider. First, to the extent plaintiff asserts a claim under the Eighth Amendment, plaintiff offers no explanation of personal involvement by defendant Schneider, the Public Information Officer at the Hutchinson Correctional Facility, in his conditions of confinement. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). Likewise, to the extent a plaintiff seeks impose supervisory liability, such a claim must allege personal involvement, a causal link to the constitutional violation alleged, and the requisite culpable mental state. *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013)(standards for supervisory liability). Plaintiff has not established a basis for supervisory liability.

Likewise, to the extent plaintiff may assert a claim of a due process violation, there is no basis for relief. Not only is it apparent that plaintiff's claims were investigated by prison staff, a prisoner has no protected liberty interest in having a prison grievance process nor in having a grievance resolved to his personal satisfaction. *See, e.g., Montanez v Feinerman*, 439 Fed. Appx. 545, 548 (7th Cir. 2011)("the Constitution does not obligate prisons to provide a grievance process, nor does the existence of a grievance process itself create a protected interest…. Thus, if the defendants were not involved in the underlying harm, the mishandling of an inmate grievance alone cannot be a basis for liability under 1983.")(citations omitted); *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005)(prisoner plaintiff had no protected liberty interest in having grievances resolved as he desired; no due process violation

arises from alleged failure to investigate grievances). The court therefore grants summary judgment on this claim.

Defendants also respond on behalf of Warden Cline, who is named as a defendant in the caption of the complaint but for whom no personal participation is identified in the complaint itself. Because such personal participation is required in a complaint filed pursuant to § 1983, plaintiff states no claim against defendant Cline.

*Deprivation of property (Counts 5, 6, 8, and 9)*

Plaintiff presents several claims concerning his transfer from the Hutchinson Correctional Facility (HCF) to the El Dorado Correctional Facility (EDCF).

At the outset, the court notes that defendants assert plaintiff failed to properly exhaust grievances against defendants Coffey, Byard, Kelly, and Russett. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Such exhaustion is mandatory and applies regardless of the nature of the relief sought. *Woodford v. Ngo*, 548 U.S. 81 (2006). Exhaustion requires full compliance the procedure, including deadlines. *Ngo*, 548 U.S. at 90-91.

The court has examined the record and finds no basis to conclude that plaintiff properly exhausted his claims against defendants Russett, Byard, Kelly, and Coffey, despite his obvious familiarity with the grievance procedure. While this alone would establish sufficient grounds for the resolution of the claims concerning these defendants, the court also will examine the merits of the claims, in

an abundance of caution.

Prison officials conduct a routine property inventory when a prisoner is to be transferred between Kansas correctional facilities. During the inventory of plaintiff's property prior to his transfer to EDCF, defendants Coffey and Byard, both correctional officers, seized four sexually explicit photos and a red cooler. They issued plaintiff a disciplinary report alleging possession of sexually explicit material and unauthorized trading.

At the disciplinary hearing, plaintiff was found guilty of possessing sexually explicit material but not guilty of unauthorized trading.[1]

In Count 5 of the complaint, plaintiff asserts that on September 22, 2007, defendant Coffey took an issue of *Stuff* Magazine from incoming mail and provided a shakedown notice of that seizure. In Count 6, plaintiff alleges that on October 4, 2007, defendants Byard and Coffey violated his rights by seizing property including holiday items, mementos, and the cooler. He asserts this occurred in retaliation for the incident on September 22, 2007.

In Count 8, plaintiff alleges that defendants Byard and Kelly improperly imposed disciplinary proceedings on him by preparing the report and conducting a disciplinary hearing.

Prison officials have considerable discretion in regulating the type and amount of personal property that may be retained by a prisoner. *Georgacarakos v. Wiley*, 2011 WL 940803 at *9 (D.Colo. 2011) ("prison officials are granted broad discretion in deciding how much and what kinds of personal property inmates can possess, and in the

---

[1] While plaintiff's cooler apparently was destroyed, he accepted a similar cooler in April 2008. (Doc. 49-23 at 1.)

absence of evidence that the … policies … are so extreme and parsimonious that they fall outside the scope of typical prison property rules, the inquiry ends there.")

To the extent plaintiff alleges the seizure of his property by defendants violated his protected rights, he states no claim for relief under §1983. Neither a negligent nor intentional deprivation of property under color of state law that is random or unauthorized will support a claim under § 1983 where there is an adequate postdeprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). A prison grievance procedure is considered an adequate postdeprivation remedy if it provides a meaningful remedy. *Wilson v. United States*, 29 F.App'x. 495, 497 (10th Cir. 2002). As a Kansas prisoner, plaintiff has access to a grievance procedure, and the court notes that Kansas law also provides remedies, including a special claims procedure and an action in tort. *See, e.g., Burton-Bey v. United States*, 1996 WL 654457, *2 (10th Cir. 1996)(describing action under Kansas law for conversion).

Likewise, the defendants have shown the magazine was withheld from plaintiff pursuant to an institutional policy that prohibited inmates in disciplinary segregation from possessing magazines. (Doc. 43, Ex. 9, par. 5-6.) The failure to preserve the magazine is a single, noncontent-based event that suggests no more than negligence.

And, to the extent plaintiff claims the October 2007 deprivation of property was the result of retaliatory conduct, he has failed to present more than a bare allegation. *See Frazier v. Dubois*, 922 F.2d 560, 561 n. 1 (10th Cir. 1990)(plaintiff alleging retaliation "must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights.")

In Count 8, plaintiff claims that defendants Byard and Kelly violated his rights by issuing a disciplinary report and conducting a hearing on that report.

While plaintiff asserts these proceedings were unlawful, the court finds no basis for that contention. As noted, a liberty interest is implicated when prison disciplinary proceedings result in sanctions that lengthen the prisoner's confinement or subject the prisoner to an "atypical and significant hardship … in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

The record of the hearing shows plaintiff was present, submitted documents, and presented a statement. (Doc. 1, Attach. pp. 30-31.) He was found not guilty of one of the charges and later received a replacement cooler after his apparently was destroyed. Because the fifteen-day restriction from privileges and $5.00 fine imposed on the plaintiff did not subject him to an atypical and significant hardship as contemplated by *Sandin*, the court concludes the events described by plaintiff did not subject him to a constitutional deprivation.

*Retaliatory disciplinary action by defendants Schneider and Russett (Ct. 7)*

In Count 7, plaintiff alleges defendants Schneider and Russett violated his rights by conspiring to retaliate against him by filing a false disciplinary action.

The record shows that plaintiff received a disciplinary report for addressing defendant Russett by her first name in a grievance filing, an act that violated orders of the facility. However, when it was discovered that another officer had instructed plaintiff to address the grievance in that manner, the disciplinary report was withdrawn.

To state a claim of retaliation grounded in the First Amendment, plaintiff must present facts that show (1) he was engaged in a protected activity, (2) the actions challenged caused him to suffer an injury that would chill a person of ordinary firmness from pursuing that activity, and (3) the defendants' actions were substantially motivated by the protected activity. *See Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

Plaintiff's claim is defeated by the record. First, he presented a grievance in a manner that violated official policy, a fact that was evident on the face of the grievance; second, when plaintiff explained the reason he had used that form of address, defendants withdrew the disciplinary report. There are no facts that reasonably suggest that plaintiff could establish retaliatory motive by defendants, nor is there any showing of injury to the plaintiff. Accordingly, the defendants are entitled to summary judgment on the claim that they conspired to retaliate.

### *Conclusion*

For the reasons set forth, the court concludes defendants are entitled to summary judgment on all claims presented in this matter.

IT IS, THEREFORE, BY THE COURT ORDERED defendants' motion for summary judgment (Doc. 93) is granted.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED: This 27th day of September, 2013, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge